

# UNITED STATES  DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**ELDRIDGE STEWART #302791**                            **CIVIL ACTION**

**versus**                                             **NO. 03-1841**

**N. BURL CAIN, WARDEN**                               **SECTION: "A" (3)**


## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting

a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact

and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as

applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District

Courts.  Upon review of the record, the Court has determined that this matter can be disposed of

without an evidentiary hearing.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following

reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

DATE OF MAILING ____NOV 2 2 2004____

DATE OF ENTRY
NOV 2 2 2004



Petitioner, Eldridge Stewart, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On January 9, 2001, petitioner pled guilty to first degree murder in violation of La.Rev.Stat.Ann. § 14:30 and was sentenced to a term of life imprisonment, without benefit of parole, probation, or suspension of sentence, with credit for time served.[2]

On January 10, 2002, petitioner filed with the state district court an application for post-conviction relief[3] which was denied without reasons assigned on February 6, 2002.[4]  He then filed with the Louisiana Fourth Circuit Court of Appeal an application for a supervisory writ.[5]  On April 23, 2002, the intermediate appellate court denied that application, holding:

> This court finds no error in the judgment of the district court denying relator's application for post-conviction relief.  In light of his guilty plea, relator waived his claim challenging the indictment.  Though he asserts that he entered his guilty plea based on erroneous advice by counsel, relator has not moved to withdraw his guilty plea.[6]

Petitioner next filed with the Louisiana Supreme Court an application for a supervisory writ[7] which was denied without reasons assigned on May 16, 2003.[8]

---

[2]  State Rec., Vol. I of VI, minute entry dated January 9, 2001; State Rec., Vol. I of VI, guilty plea form dated January 9, 2001.

[3]  State Rec., Vol. II of VI.

[4]  State Rec., Vol. II of VI, Judgment dated February 6, 2002.

[5]  State Rec., Vol. I of VI.

[6]  State v. Stewart, No. 2002-K-0462 (La. App. 4th Cir. April 23, 2002) (unpublished); State Rec., Vol. I of VI.

[7]  State Rec., Vol. VI of VI.

[8]  State ex rel. Stewart v. State, 843 So.2d 1122 (La. 2003) (No. 2002-KH-1619); State Rec., Vol. VI of VI.

On May 20, 2003, petitioner filed this application for federal *habeas corpus* relief.[9]   In support of his application, he claims:

1.    Petitioner was indicted by a grand jury selected in a racially discriminatory manner;

2.    Petitioner received ineffective assistance of counsel; and

3.    Petitioner was indicted by a grand jury selected pursuant to a state law subsequently found to be unconstitutional by the Louisiana Supreme Court.

<u>Timeliness</u>

In its initial response in this proceeding, the state argued that petitioner's federal application was untimely.[10]   Generally, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence became final.   28 U.S.C. § 2244(d)(1)(A).[11]

---

[9] Rec. Doc. 2.

[10]  Rec. Doc. 6.

[11]  28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially

As noted, on January 9, 2001, petitioner pled guilty and was sentenced.  Because he did not

file a direct appeal within the five days allowed by state law, his conviction and sentence became

final no later than January 16, 2001.[12]  Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-

year period that petitioner had to file his application for federal *habeas corpus* relief commenced on

that date.

The AEDPA's one-year statute of limitations is tolled for the period of time during which

a properly filed application for state post-conviction relief or other collateral review attacking a

conviction or sentence is pending in state court.  See Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998);

28 U.S.C. §2244(d)(2).  After three hundred fifty-eight (358) days of his one-year period had

elapsed, petitioner tolled the statute of limitations on January 10, 2002, by filing his post-conviction

---

> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

[12]  See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  At the time of petitioner's conviction in 2001, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A).  In 2001, January 13 was a Saturday and January 14 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his conviction became final.

application with the state district court.  Assuming that the petitioner's related applications in the Louisiana Fourth Circuit Court of Appeal and the Louisiana Supreme Court were timely filed,[13] the statute of limitations remained tolled until May 16, 2003, the date on which the Louisiana Supreme Court denied petitioner's related writ application.  See Melancon v. Kaylo, 259 F.3d 401, 405-06 (5th Cir. 2001).  At that point, petitioner had seven days of his one-year period remaining.  Because he filed his federal application a mere four days later, on May 20, 2003,[14] it was timely filed.

Standard of Review

The AEDPA comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254.  Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact.  Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2).  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  The United States Supreme Court has noted:

---

[13]  The state does not argue that the appellate court filings were untimely.

[14]  Petitioner signed his federal application on May 20, 2003.  That date represents the earliest date that petitioner could have presented the application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  See Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

§ 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002) (citations omitted).

## Grand Jury Discrimination Claim

Petitioner's first claim is that he was indicted by a grand jury selected in a racially discriminatory manner.[15] The state contends that claim is procedurally barred.[16] The United States Fifth Circuit Court of Appeals has concisely set forth the standards to be used when analyzing whether a claim is procedurally barred:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims. This rule

---

[15] Prior to petitioner's plea, defense counsel filed a motion to quash the indictment based on the allegedly discriminatory selection of the grand jury. State Rec., Vol. III of VI. The state filed an opposition to that motion, State Rec. Vol. III of VI; however, the trial court apparently did not rule on the motion prior to the entry of petitioner's plea.

[16] Rec. Doc. 11, pp. 3-7.

> applies to state court judgments on both substantive and procedural grounds. Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted). "A state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim." Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999).

In rejecting petitioner's claim challenging the grand jury, the Louisiana Fourth Circuit Court of Appeal, in the last reasoned state court opinion regarding the claim, held that petitioner waived that claim by pleading guilty. Louisiana courts have long held that a guilty plea waives "all non-jurisdictional defects in the proceedings leading to plea, including claims related to the discriminatory selection of grand juries and their foremen." State v. Starks, 812 So.2d 638 (La. 2002); see also State v. Valentine, 259 La. 1019, 1024-25, 254 So.2d 450, 452 (1971). That rule clearly meets the "independent" requirement, in that it is independent of the merits of the federal claim. Moreover, petitioner has not demonstrated that the rule fails to meet the "adequate" requirement, as he has made no showing that the rule is not strictly or regularly followed by the state courts and applied to the majority of similar claims. Accordingly, this Court finds that petitioner's claim was rejected by the state courts based on an independent and adequate state rule.[17]

---

[17] This Court notes that the state court's ruling also comports with federal law. "A guilty plea is more than a mere confession; it is an admission that the defendant committed the charged offense. As a general rule, therefore, a convicted defendant may not collaterally attack a voluntary and intelligent guilty plea." Taylor v. Whitley, 933 F.2d 325, 327 (5th Cir. 1991) (citation omitted). As the United States Supreme Court noted in Tollett v. Henderson, 411 U.S. 258 (1973):

> [A] guilty plea represents a break in the chain of events which has preceded it in the

"When the state court has relied on an independent and adequate state procedural rule, federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).

In order to show cause, petitioner must show that some objective factor, external to the defense, prevented him or his defense counsel from raising the claim at issue in a procedurally proper manner. Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir. 1992). Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel. Id.

In the instant case, petitioner makes no explicit argument with respect to the cause requirement. Nevertheless, the Court will construe as an allegation of cause petitioner's claim that his counsel was ineffective in erroneously advising him that he could still pursue his grand jury claim even if he pled guilty. However, for the following reasons, the Court finds that petitioner's allegations of ineffective assistance of counsel are insufficient to demonstrate cause for the procedural default of his claim.

---

criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Id. at 267. Accordingly, "a guilty plea intelligently, knowingly, and voluntarily made generally waives all claims relating to events preceding the guilty plea, including constitutional ones, in a subsequent habeas proceeding." Smith v. McCotter, 786 F.2d 697, 702 (5th Cir. 1986).

Not just any deficiency in counsel's performance is sufficient to constitute "cause"; rather, "cause" may be established only by showing that counsel was so ineffective as to violate the United States Constitution. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Meanes v. Johnson, 138 F.3d 1007, 1012 (5ᵗʰ Cir. 1998). In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating federal constitutional claims of ineffective assistance of counsel. A petitioner must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. See Strickland, 466 U.S. at 697. If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. Id.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. See Styron v. Johnson, 262 F.3d 438, 450 (5ᵗʰ Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d 855, 860 (5ᵗʰ Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. See Strickland, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to satisfy the prejudice prong for an ineffective assistance of counsel claim regarding the entry of a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also James v. Cain, 56 F.3d 662, 667 (5th Cir. 1995).

In the instant case, petitioner claims that counsel incorrectly told him that he could still pursue his claim challenging the grand jury even if he pled guilty. Petitioner appears to contend that he would have rejected the plea bargain and insisted on going to trial if he had been correctly informed that a guilty plea would result in a waiver of his grand jury claim. However, petitioner has not met his burden of proof with respect to that bare allegation, and the Court finds the contention wholly unconvincing in light of the circumstances of this case.

By pleading guilty pursuant to the plea agreement, petitioner avoided the risk of being sentenced to death, a risk he otherwise faced if convicted of first degree murder. La.Rev.Stat.Ann. § 14:30(C). On the other hand, if petitioner had chosen to forego the plea agreement in order to pursue his challenge to the grand jury selection procedure, he would have stood to gain very little. If petitioner had proceeded with his efforts to have his indictment quashed based on his claims of discrimination and was successful on that claim, that would not mean that he would have gone free. Rather, the more likely scenario is that the state would simply have sought a second indictment, and petitioner has given this Court no reason to believe that such a second indictment could not have been procured. In light of that fact, a successful outcome on the grand jury claim would have served no purpose other than to delay the criminal proceedings. See Pickney v. Cain, 337 F.3d 542, 545 (5th Cir. 2003). Considering that by entering the plea agreement petitioner gave up nothing more

than a delay in the proceedings in exchange for a considerable benefit, i.e. guaranteed avoidance of the death penalty, the Court is unconvinced that petitioner would have chosen to reject the plea agreement and gone to trial even if he had known that his guilty plea would act as a waiver of his grand jury claim.  Therefore, petitioner has not established that he was prejudiced by counsel's advice and, as a result, his allegations of ineffective assistance of counsel necessarily fail.

For the foregoing reasons, the Court finds that petitioner's allegations of ineffective assistance of counsel are insufficient to constitute "cause" for the procedural default.

Since cause has not been shown, petitioner can overcome the procedural bar of his claim only by showing a fundamental miscarriage of justice.  To establish a "fundamental miscarriage of justice," petitioner must "make a persuasive showing that he is actually innocent of the charges against him.  Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley, 243 F.3d at 220 (citations omitted).  Petitioner does not even allege, much less persuasively show, that he is actually innocent of the crime to which he pled guilty.

In summary, the state courts rejected petitioner's claim regarding discrimination in the selection of the grand jury on the basis of an independent and adequate state rule.  Petitioner has failed to demonstrate cause for the default of the claim in state court or to show that application of the procedural bar in this proceeding would result in a fundamental miscarriage of justice.  Accordingly, this Court finds that petitioner's claim regarding discrimination in the selection of the grand jury is procedurally barred in this federal proceeding.

<u>Ineffective Assistance of Counsel Claim</u>

Petitioner's second claim is that his counsel was ineffective when he incorrectly advised petitioner that he could still pursue his claim challenging the grand jury even if he pled guilty. The state courts rejected this ineffective assistance of counsel claim.[18] A claim of ineffective assistance of counsel is a mixed question of law and fact. <u>Moore v. Cockrell</u>, 313 F.3d 880, 881 (5th Cir. 2002), <u>cert. denied</u>, 538 U.S. 969 (2003). Therefore, this Court must defer to the state court on such claims unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In its discussion of the previous claim, this Court determined that, even if counsel erroneously advised petitioner that he could pursue his grand jury challenge after pleading guilty, petitioner has not shown that his counsel was ineffective in a constitutional sense. As noted, petitioner has not met his burden to prove that he would not have pled guilty but for counsel's erroneous advice and, therefore, has not demonstrated the requisite prejudice as required by <u>Strickland</u>. Therefore, petitioner has failed to demonstrate that the state court's decision was

---

[18] The state argues that this claim is also procedurally barred. The state contends that the state courts denied this claim on the basis that it was waived by petitioner's guilty plea. It is true that Louisiana law provides that ineffective assistance of counsel is a non-jurisdictional defect waived by the entry of a guilty plea. <u>See, e.g.</u>, <u>State v. Jenkins</u>, 419 So.2d 463, 465 (La. 1982); <u>State v. Myles</u>, 882 So.2d 1254, 1261 (La. App. 3rd Cir. 2004). However, the Louisiana Fourth Circuit Court of Appeal does not assert that as the basis for denying petitioner's ineffective assistance of counsel claim. In fact, the state court's cursory opinion does not appear to give any explanation as to why that claim was denied. The opinion appears to give reasons only regarding its denial of petitioner's grand jury claim. <u>See</u> text accompanying *supra* note 6.

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.   Accordingly, applying the AEDPA's deferential standard, this Court rejects petitioner's ineffective assistance of counsel claim.

DiLosa Claim

In his subsequently filed memorandum in support of his federal application and in his "Traverse to the State's Response," petitioner also claims that he is entitled to relief because he was indicted by a grand jury empaneled pursuant to the provisions of a prior version of La.C.Cr.P. art. 413(C) which violated the state constitutional prohibition against local laws.[19]

As a preliminary matter, the Court notes that this claim is not yet exhausted.  Petitioner has filed a motion asking that these federal proceedings be stayed while he returns to state court to exhaust the claim.[20]  When such a request is made, a federal district court has the authority to either abate or dismiss the action.  Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998); Tolbert v. Cockrell, Civ. Action No. 4:01-CV-130-Y, 2001 WL 1516744, at * 6 (N.D. Tex. Nov. 7, 2001).  In this case, abatement of the proceedings is not warranted because petitioner's claim, even if properly exhausted, would not entitle him to federal *habeas corpus* relief for the reasons discussed herein. Accordingly, it is recommended that the motion to stay be **DENIED**.

The Court further notes that the fact that petitioner's claim is unexhausted does not prevent this Court from addressing the claim. Federal law "allows a federal court, in its discretion, to *deny*

---

[19]  Rec. Doc. 4, pp. 8-9; Rec. Doc. 12, p. 6.

[20]  Rec. Doc. 13.

*habeas relief* on the merits, regardless of whether the applicant has exhausted state remedies" and

whether exhaustion is waived by the state.  <u>Jones v. Jones</u>, 163 F.3d 285, 299 (5th Cir. 1998)

(emphasis in original); 28 U.S.C. § 2254(b)(2).   In the interest of judicial economy, it is

recommended that petitioner's claim be denied on the merits for the following reasons.

At the time he was indicted, article 413 provided in pertinent part:

> B.    In parishes other than Orleans, the court shall select one person from the
> grand jury venire to serve as foreman of the grand jury.  The sheriff shall
> draw indiscriminately and by lot from the envelope containing the remaining
> names of the grand jury venire a sufficient number of names to complete the
> grand jury.  The envelope containing the remaining names shall be replaced
> into the grand jury box for use in filling vacancies as provided in Article 415.
>
> C.    In the parish of Orleans, the court shall select twelve persons plus a first and
> second alternate for a total of fourteen persons from the grand jury venire,
> who shall constitute the grand jury.  The court shall thereupon select one of
> the jurors to serve as foreman.

In <u>State v. Dilosa</u>, 848 So.2d 546 (La. 2003), the Louisiana Supreme Court held that those provisions

violated La.Const. art. III, § 12(A), which prohibits the passage of local laws concerning criminal

actions.  Nevertheless, the fact that the prior version of article 413 violated the *state* constitution is

of no moment in a federal *habeas corpus* proceeding.  Federal *habeas corpus* relief may be granted

only to remedy violations of the Constitution and laws of the United States; mere violations of state

law will not suffice.  28 U.S.C. § 2254; <u>Engle v. Issac</u>, 456 U.S. 107, 119 (1983); <u>Smith v. Phillips</u>,

455 U.S. 209, 221 (1982); <u>Boyd v. Scott</u>, 45 F.3d 876, 881 (5th Cir. 1994); <u>Lowery v. Collins</u>, 988

F.2d 1364, 1368 n.15 (5th Cir. 1993); <u>Neyland v. Blackburn</u>, 785 F.2d 1283, 1289 (5th Cir. 1986).[21]

---

[21]   Moreover, the Court notes that, for at least two reasons, it appears petitioner is not entitled to
relief even under state law.  First, again, this claim would appear to be based on a non-jurisdictional
defect waived by his guilty plea.  Second, Louisiana courts have consistently rejected the argument

Therefore, petitioner cannot be granted federal relief based on this claim.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's "Motion to Stay" (Rec. Doc. 13) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

that a defendant is entitled to have his conviction reversed simply because the indictment was returned by a grand jury empaneled pursuant to the provisions declared unconstitutional in Dilosa. See, e.g., State v. Newman, 879 So.2d 870, 878-81 (La. App. 4th Cir. 2004); State v. Rhea, 876 So.2d 131, 136-37 (La. App. 4th Cir. 2004), writ denied, No. 2004-KO-0901, 2004 WL 2428656 (La. Oct. 1, 2004); State v. Williams, 866 So.2d 296 (La. App. 4th Cir.), writ denied, 876 So.2d 831 (La. 2004). In Williams, a case in which the trial court had denied a motion to quash the indictment, the Louisiana Fourth Circuit Court of Appeal noted:

> [T]he constitutional prohibition against local laws which underlies the Dilosa decision simply reflects a policy decision that legislative resources and attention should be concentrated upon matters of general interest and that purely local matters should be left to local governing authorities. As such, the substantial rights of a criminal defendant are not affected *per se* solely because he is indicted by a grand jury selected pursuant to local laws passed by the Louisiana State legislature. Thus, although the trial court erred in denying defendant's motion to quash his indictment based on the unconstitutionality of the local laws at issue, there is no showing that the error affected his substantial rights. Accordingly, the error does not require reversal of defendant's conviction, sentence and indictment.

Williams, 866 So.2d at 298-99 (footnote omitted).

- 15 -

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en

banc).

New Orleans, Louisiana, this ___19___ day of _____, 2004.


DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE